**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **MICHAEL C. SMART,** § | |
| *Plaintiff*, § | |
| § | |
| v. § | EP-23-CV-00319-KC-RFC |
| § | |
| **UNITED STATES OF AMERICA,** § | |
| *Defendant*. § | |

**ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT**

Before the Court is *pro se* Plaintiff Michael Smart's "Motion for Leave to File Amended Complaint" ("Motion") (ECF No. 41), filed on April 30, 2024. This case was assigned to United States District Judge Kathleen Cardone and referred to the undersigned Magistrate Judge pursuant to the Standing Order Regarding Civil Case Assignments, dated May 1, 2012. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

### I.     BACKGROUND

Plaintiff states that he has been receiving mental health treatment for post-traumatic stress disorder for about nine years. Am. Compl. ¶ 4, ECF No. 17. Plaintiff received treatment, including prescriptions for medication, from a nurse practitioner named Rey Leal. *Id.* at ¶ 2. This treatment was paid for by the Department of Veterans Affairs ("VA"). *Id.* at ¶ 17.

In September 2022, Leal informed Plaintiff that he would no longer be able to treat Plaintiff. *Id.* at ¶ 20. Leal explained that this was because he had not been receiving payment from the VA for Plaintiff's treatment for the past eight years. *Id.* Plaintiff subsequently filed this lawsuit against Defendant United States of America.

Plaintiff filed the instant motion for leave to file his second amended complaint on April 30, 2024. *See* Mot., ECF No. 41. Plaintiff's previous complaint alleged a claim of action against Defendant for intentional infliction of emotional distress ("IIED") under the Federal Tort Claims Act ("FTCA"). Am. Compl. ¶¶ 21–26. Plaintiff's second amended complaint solely alleges a cause of action for medical negligence, again under the FTCA. Am. Compl. ¶¶ 17–23 [hereinafter Second Am. Compl.], ECF No. 41-2. Defendant has not responded to the instant motion.

## II.   DISCUSSION

The Federal Rules of Civil Procedure allow a party to amend a pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1). Otherwise, the party can amend "only with the opposing party's written consent or the court's leave." *Id.* 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Decisions about motions for leave to amend are left to the discretion of the district court, but there is a bias in favor of granting leave to amend. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). A court should consider five factors when determining whether to grant leave to amend: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Id.* Absent one of these factors, leave to amend should be granted. *Id.*

In this case, there has been no undue delay, as the case is still in its initial stages. There is no evidence of bad faith or dilatory motive on Plaintiff's behalf. There has been no repeated failure to cure deficiencies by previous amendments. Plaintiff's original complaint asserted a claim for IIED based upon Defendant allegedly deleting emails that Plaintiff had sent to various VA employees. Compl. ¶¶ 23–24, ECF No. 3-1. Plaintiff subsequently amended his complaint before it was served on Defendant and alleged that the extreme and outrageous conduct at issue was the VA's failure to pay for his medical treatment. Am. Compl. ¶ 24. Now, Plaintiff instead seeks to

drop the IIED claim and assert a claim for medical negligence instead. *See* Second Am. Compl. ¶¶ 17–23. Moreover, there is no undue prejudice to the opposing party. Defendant has not even answered the amended complaint yet and no discovery has been conducted—in fact, there is currently a stay in operation, *see* Order, ECF No. 32. And with respect to the last factor, futility, Defendant has provided no argument that Plaintiff's new claim for medical negligence would be futile.

Since none of the five factors are present here, the Court will grant Plaintiff's motion for leave to amend his complaint.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff Michael Smart's Motion for Leave to File Amended Complaint (ECF No. 41).

The Court **FURTHER ORDERS** the Clerk of the Court to docket Plaintiff's Second Amended Complaint (ECF No. 41-2).

**SIGNED** this 4th day of June, 2024.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**